**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4843-16T2

MTGLQ INVESTORS, LP,[1]

    Plaintiff-Respondent,

v.

JANICE M. LAWRENCE,

    Defendant-Appellant,

and

MR. LAWRENCE, husband of JANICE
M. LAWRENCE and FIRST FINANCIAL
FEDERAL CREDIT UNION,

    Defendants.[2]

          Submitted August 7, 2018 – Decided August 10, 2018

          Before Judges Mayer and Mawla.

          On appeal from Superior Court of New Jersey,
          Chancery Division, Ocean County, Docket No.
          F-025868-14.

---

[1]  During the pendency of this foreclosure action, Green Tree Servicing, LLC, the original plaintiff, merged into Ditech Financial, LLC (Ditech). Ditech was substituted as plaintiff by order dated January 4, 2016. Ditech then assigned the mortgage to MTGLQ Investors, LP. This entity was substituted as plaintiff by order dated November 22, 2016.

[2]  Only defendant Janice M. Lawrence filed a contesting answer.

Janice M. Lawrence, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

Defendant appeals from the following orders: a September 18, 2015 order granting summary judgment in favor of the original plaintiff, Green Tree Servicing, LLC (Green Tree), and denying defendant's cross-motion to dismiss the foreclosure complaint; an April 28, 2017 order denying defendant's motion to fix the amount due; and a May 23, 2017 final judgment in favor of plaintiff MTGLQ Investors, L.P. We affirm.

Defendant borrowed $161,000 from GMAC Mortgage Corporation DBA ditech.com. The note provided for monthly payments of $965.28. To secure the loan amount, defendant executed a non-purchase money mortgage on property in Toms River to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for GMAC Mortgage Corporation DBA ditech.com, its successors and assigns. The mortgage was recorded on May 1, 2006. MERS assigned the mortgage to GMAC Mortgage, LLC and the assignment of mortgage was recorded on April 12, 2012. GMAC Mortgage, LLC assigned the mortgage to Green Tree and the assignment of mortgage was recorded on August 21, 2013.

In February 2011, defendant failed to make the monthly payments. On July 30, 2013, Green Tree sent a notice of intent to foreclose (NOI) to defendant at the mortgaged property.[3] The NOI, sent by regular and certified mail, notified defendant of the default. The NOI also advised defendant of the right to cure the default and the commencement of a foreclosure action if the default was not cured.

Defendant failed to cure the default and, on June 24, 2014, Green Tree filed a foreclosure complaint. Defendant filed a contesting answer on September 17, 2014.

Green Tree filed a motion for summary judgment and to strike defendant's answer. The motion included a certification from Danielle Froelich (Froelich), who was employed by Green Tree as a Document Execution Specialist. In her certification, submitted in accordance with Rule 1:6-6, Froelich certified that Green Tree had possession of the note prior to mailing the NOI and filing the foreclosure complaint. Her certification also stated that defendant defaulted and remained in default.

Defendant opposed the motion and filed a cross-motion to dismiss the foreclosure complaint. Defendant argued the certification in support of summary judgment failed to establish

---

[3] The mortgaged property is defendant's personal residence.

Green Tree was the owner of the debt. Defendant further argued the assignment to Green Tree was invalid because there was no intent to grant, sell, assign, or transfer the mortgage rights to Green Tree. Additionally, defendant claimed the NOI was deficient and Green Tree failed to provide evidence of mailing of the NOI.

The motion judge granted summary judgment in favor of Green Tree, and struck defendant's contesting answer. The judge found the assignments of the mortgage and other documents in support of summary judgment admissible based on Froelich's certification. Froelich certified that she had knowledge regarding the maintenance of the records and personally reviewed the account. The judge concluded the information in Froelich's certification was admissible under the business records exception to the hearsay rule, N.J.R.E. 803(c)(6). In accordance with the mortgage documents, the judge determined that Green Tree had standing to proceed with the foreclosure. The judge also found defendant defaulted when she failed to pay the valid debt pursuant to the mortgage documents.

After the entry of summary judgment, Ditech sent a notice to defendant, in accordance with the Fair Foreclosure Act (FAA), N.J.S.A. 2A:50-53 to -73, advising that it would be submitting proof for entry of a Final Judgment of Foreclosure. The January 22, 2016 notice allowed ten (10) days for defendant to indicate

4                                                      A-4843-16T2

any reasonable likelihood of providing payment necessary to cure the default. Subsequent to this notice, the mortgage was assigned to plaintiff.

On March 22, 2017, plaintiff moved for entry of a final judgment in foreclosure. Defendant filed a motion to fix the amount due. On April 28, 2017, the motion judge denied defendant's motion to fix the amount due. The case proceeded as an uncontested matter and a final judgment was entered in favor of plaintiff on May 23, 2017, in the amount of $232,539.43.

Defendant appealed. On appeal, defendant claims Green Tree lacked standing to file a foreclosure complaint. In addition, defendant contends Green Tree did not mail the NOI to her in accordance with the FFA. She further alleges that the various assignments of the mortgage were invalid and the certification supporting the validity of the assigned mortgages was deficient. She also claims the payment history produced by Green Tree in support of the default fails to demonstrate her nonpayment of the loan.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show

there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In addition, the foreclosing party must "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). In Mitchell, we held that either possession of the note or an assignment of the mortgage predating the original complaint conferred standing. Id. at 225.

In this case, based on the documentary evidence, Green Tree had standing to proceed with the foreclosure action because it possessed the note prior to mailing the NOI and filing the foreclosure complaint. Green Tree, or its assignee, remained in possession of the note throughout the proceedings. Green Tree established, by way of admissible and competent proofs attached to a proper certification, the validity of the mortgage, the amount

of the indebtedness, and the right to resort to foreclosure of the mortgaged premises.

Defendant failed to present any legally competent evidence to support her bald allegations. The evidence upon which defendant relied to challenge Green Tree's standing to proceed with the foreclosure was not authenticated and was culled from the internet, untethered to the note, mortgage, or any other documents relevant to this matter.

Turning to defendant's argument that the NOI failed to comply with the FFA, our review of the record confirms the NOI was served on defendant in accordance with N.J.S.A. 2A:50-56. Froelich's certification states the NOI was sent, by certified and regular mail, to defendant at the mortgaged property's address.[4] In accordance with the statute, "[t]he notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party." N.J.S.A. 2A:50-56(b).

We also reject defendant's argument that Froelich's certification was deficient. Froelich certified that she had particular knowledge regarding the maintenance of the records in this matter and personally reviewed those records. Froelich was competent to testify as to the information in her certification

---

[4] We note that defendant's address in her appellate submissions is the same address to which the NOI was mailed.

pursuant to Rule 1:6-6. In addition, the information in Froelich's certification was properly admitted under the business records exception to the hearsay rule. See N.J.R.E. 803(c)(6).

On the challenge to the amount of the final judgment, plaintiff supplied all of the documents required pursuant to Rule 4:64-2. Although defendant challenges the accuracy of the amount due, she failed to present any proofs to support her challenge or raise any material disputed facts.

Having reviewed the record, we agree that plaintiff established a prima facie case for foreclosure. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgage premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). Defendant did not dispute that she signed the note and mortgage, defaulted on the payment, and has not paid the mortgage since February 2011.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                    A-4843-16T2